IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES M. BEARD,** | |
| Plaintiff, | |
| vs. | Case No. 23-423 |
| **SYNCHRONY FINANCIAL** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

**COMES NOW** Plaintiff Charles M. Beard, and as his Complaint against the Defendant named above states as follows:

### PRELIMINARY STATEMENT

1. This case arises from the refusal of Defendant to investigate and remove false charges and balances improper credit card charges from Plaintiff's credit card account. Defendant has violated the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, by failing to properly investigate Plaintiff's billing error dispute, failing to remove those charges and failing to provide the required notification regarding its ultimate disposition of Plaintiff's dispute and Plaintiff's liability for the disputed charge.

### JURISDICTION AND VENUE

2. This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331 and 15 U.S.C. §1640(e). Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claim occurred in this District.

## PARTIES

3. Plaintiff is an adult resident of Mobile County, Alabama.

4. Defendant Synchrony Financial ("Synchrony") is a Delaware corporation with its headquarters in Wilmington, Delaware. At all relevant times, owned and administered the credit card account described below doing business as Synchrony Bank.

## BACKGROUND FACTS

5. Plaintiff is an adult resident of Mobile County, Alabama. He retired from Ford Motor Company after 31 years as a seam welder. He works part-time as a security guard.

6. Plaintiff is the cardholder of a Belk credit card issued and managed by Synchrony under the account number ending 6810 (Hereinafter referred to as the "Belk Card.").

7. At the end of 2022, Mr. Beard paid the outstanding balance reflected on the Belk Card monthly statements. He made the payment at the Belk store in Mobile, Alabama. This is how he made all payments on the Belk Card account. He made other charges later in January and February 2023 and made the required payments on those balances as well.

8. In April 2023, Mr. Beard attempted to make a purchase with the Belk card but the transaction was denied. He called Synchrony about the problem and was told that the account was in default and that he owed a past due balance of $1,871. No such balance was reflected on the statement he had received the previous month and there was no indication of any problem with the account. In fact, the March 2023 statement showed a total balance of $442.10 and made no reference to any delinquency or unpaid past-due balance.

9. Synchrony's representatives gave several inconsistent explanations, but those referenced charges and payments which were not made.

10. Mr. Beard paid off the balance reflected on his May 2023 statement, and he cancelled the card.

11. He had previously received a statement reflecting an unpaid balance of $1,871 and a charge in April 2023 in that amount. There was no such charge. That charge was initially removed after his disputes, but the charge reappeared on the June 16, 2023 statement as a "new balance" of $1,871, which is false. There was no charge in the amount of $1,871.

12. On Plaintiff's July 2023 statement it again shows the $1871 charge and now Plaintiff accumulates late fees of $29.00, making the total new balance $1900.30

13. On August 10, 2023, Mr. Beard sent a written billing error dispute to Synchrony Bank disputing the listed $1,871 past-due balance. No corrections were made and Synchrony's only written response to the billing error dispute was to state that a previous "payment" of $1,871.30 credited in April 2023 has been "reversed." There was no payment in that amount in April 2023.

14. Synchrony continues to demand amounts due under the account which are not due and continues to send monthly statements which contain billing errors.

15. Synchrony failed to conduct any reasonable investigation of Plaintiff's billing error disputes and failed to make appropriate corrections which any reasonable investigation would have revealed were appropriate and reasonable. It also failed to respond to Plaintiff billing error dispute as required by applicable federal law.

### COUNT I
### (FCBA VIOLATIONS)

16. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

17. This is a claim asserted under the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666.

18. The Belk Card is a credit card account issued and administered by Defendant.

19. Plaintiff's Belk Card is a "credit card" as defined in 12 C.F.R. § 1026.2(a)(15)(i) and the Belk Card account is a "credit card account under an open-end (not home-secured) consumer credit plan" as defined in 12 C.F.R. § 226.2(a)(15)(ii).

20. With respect to said account, Defendant is a "creditor" as that term is defined at 15 U.S.C. 1602(g) and a "card issuer" within the meaning of 12 C.F.R. § 1026.2(a)(7).

21. Plaintiff is a "consumer" and, with respect to said credit card account, is a "card holder" within the meaning of 12 C.F.R. § 1026.2(a)(8) and (11).

22. Plaintiff's written dispute of the above-mentioned unauthorized charges constitute notices of a "billing error" within the meaning of 15 U.S.C. § 1666(b).

23. Plaintiff timely provided notice of a billing error dispute within the meaning of 15 U.S.C. § 1666(a).

24. Defendant failed to comply with the requirements of the FCBA in one or more of the following ways:

    (a) Failed to conduct any reasonable investigation of the dispute;

    (b) Failed to complete its investigation and provide required notices within time allowed by applicable regulations;

    (c) Failed to comply with appropriate error dispute resolution procedures;

    (d) Failed to remove the disputed charge after receipt of information which demonstrated that Plaintiff had properly rescinded and/or cancelled the agreement; and

    (e) Failed to provide the required written notification of its denial of the dispute

and its decision to reinstate the disputed charge.

25. As a proximate result of this conduct, Plaintiff has suffered actual damages.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for violations of the FCBA and award Plaintiff the following relief: actual damages, statutory damages; costs and attorney's fees.   Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

_____
KENNETH J. RIEMER
Attorney for Plaintiff
RIEMER LAW, LLC
2153 Airport Blvd.
Mobile, Alabama 36606
Phone: (251) 432-9212
Email: kjr@Riemer-Law.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

SYNCHRONY FINANCIAL
c/o The Corporation Trust Company
(CT Corporation Delaware)
1209 Orange Street
Wilmington, DE 19801